Good morning your honors and thank you I would like to reserve about five minutes by way of rebuttal and I will watch the clock with me at the council table is Robert Gibbs This case challenges the discriminatory treatment of religious workers and religious organizations in the United States who employ these foreign workers By the Immigration Service in particular we challenge the refusal of the Immigration Service to accept what are called concurrently filed Applications filed by the religious workers and their sponsoring organizations There's an important Supreme Court case that came out recently. We think is relevant called Hosanna Tabor and a unanimous Supreme Court decision holding that the the importance of protecting the exercise of religion in particular the the importance of protecting the interest of religious groups and Carry out their missions is a an exercise of religion. That's protected under the free exercise clause And in fact trumps the government's interest in the Hosanna Tabor case trumps the government's interest in Anti-discrimination laws the same exercise of religion Congress instructs us to instruct the Immigration Service To to protect under RFRA the Religious Freedom Restoration Act RFRA In particular Congress has instructed the all all federal agencies to Protect the exercise of religion or not to burden not to substantially burden the exercise of religion unless there's a compelling governmental interest at stake It's important to notice that here the plaintiffs in this case are not challenging It's not a broad-based challenge to the immigration scheme overall Appointments are not asking for any change in the substantive immigration laws or any exemptions to the to the visa requirements Basically, it's a it's a narrow exemption that plaintiffs. I think is appropriate here an exemption to a procedural Filing process adopted by the Immigration Service not adopted by Congress, but by the Immigration Service This what how does that? Substantially, how's the regulation substantially burden you? Well under the Navajo Nation case, the Ninth Circuit has adopted a test for determining whether or not there's a substantial burden the the government policy forces a person to choose between exercising religion and receiving a government benefit or alternatively the government Individuals are required to cease exercising their religion in order to avoid civil or criminal penalties Now that I think in this case is it's quite clear should be quite clear that there is a substantial burden on the plaintiffs I'm going you aren't being asked to cease Practicing your clients aren't being asked to cease practicing their religion Well, if they did they would lose their right to be here under religious Visa in the first place wouldn't they well they are being forced to there's a burden and interference with the plaintiffs both the religious workers and the religious organization with their exercise of religion just You know, for example consider father Kasyanov a priest in the Ukrainian Orthodox Church Who has a temporary he's on a temporary visa allowed to work as a priest in the United States for five years as? That five-year period is coming to an end The the church he and the church are facing a difficult problem The church doesn't have any other priests available to minister to their congregation He has when his five-year time is coming to an end He has a choice to make and the church has a choice to make they can continue to exercise their religion That is to say he can continue to minister at this church where he's been called that that quite clearly under Supreme Court case law As an exercise of religion are working in a particular place with a particular community If he can file his application for adjustment of status Then he's allowed to stay here and continuing to minister for to this Community on the other hand if the Immigration Service refuses to accept that application as they do Then he's got a choice if he stays further he's going to be arrested and subject to deportation proceedings and The church if they continue to employ this worker is going to be subject to civil and criminal penalties So that under the Navajo Nation test is all the church has to do is first is Simultaneously file a petition right if the Immigration Service would allow that that's correct But the problem is the Immigration Service will not allow that according to their policy Religious workers are not allowed to file concurrently and so when the religious. I'm sorry yes, so so they have to file it first Well they file concurrently can they can file at the same time, but I'm just saying what what what maybe I'm missing How this regulation works, but doesn't the if if the church? Goes ahead and files a petition for a visa and then he files his Status application Everything should work out okay, right the problem is the Immigration Service Will not allow him the religious worker to file his status application adjustment of status application Until that first petition has been approved by the Immigration Service, right? So what's and and how long does that take? Well that can take I mean we've had some of the individuals who have been waiting for two years for that And we had a panel before Not this panel, but for the Ninth Circuit, and we said the real problem here you were challenging the statute as in the regulation is in violation of the statute and Isn't that correct and we rejected that argument? That's correct the court rejected and we said your real problem is that it that the system operates too slowly But that doesn't invalidate the regulation now. Why isn't that? Equally applicable here Well what the court held what this court held the first time around is that the Immigration Service? Adoption of that regulation does not violate the stat the immigration statute That is to say the Immigration Service has the authority to adopt certain processing rules How to process applications, but just because it does that Doesn't mean that there's not a violation of reference just because it can adopt that regulation consistent with the immigration statute Does not mean that that statute that that immigration policy Does not interfere with persons exercise of religion well, how does the delay? Interfere with your with the exercise of religion well, it's Whether or not there's a delay that what interferes with the person's exercise of religion is the refusal of the Immigration Service to accept this application By refusing to accept the application. Oh, they're not refusing to accept it. They're saying you can't eat that We won't accept it until after the in Churches has filed for the visa, but for somebody to say father christianos again He comes up to the end of his five-year period They refuse and they say oh, you know we're not going to accept this until after it's approved, but then once Maybe I'm missing something and how this all works the What stops the the church from filing the visa application now? The church can file the application Anytime it wants so they could if it takes two years they can file it two years in advance They they can they can do that although so isn't his real quarrel with the church No, the problem is that you know in many cases just as in the non religious in the secular context The religious organization doesn't know that it has a need for this person until later on in the process They might not be aware of the fact or they might not know that this particular Person is going to be needed in this in this church until further down the road Well, I thought in the case you told me it was clear that there there was a need There's a need but yeah, but that's not necessarily known until the toward the end of that five-year period so if you could make the same argument even if you were your your Your your visas were treated the same way as the other categories you could always say well We don't we we're going to have to leave because they haven't processed the visa And that's a violation of RFRA so that you're you're so that your argument becomes we're entitled to stay here indefinitely While you process the application and that because you that can't be Not not at all. I mean the the argument is just If I understood the the question correctly the fact that the person files the application Let's say and it is pending doesn't give the right It does not give the person the right to continue to stay here. That's correct. The application is denied That's correct But your argument would seem to say that if the church doesn't realize that they need the person until the five years is almost expired that the RFRA requires that you be That that the that the religious worker be entitled to stay here Indefinitely until it's processed and that can't be right If well, but the fact that the religious worker can stay here Indefinitely or until the application is decided that's a matter that's already on the books. That's part of the regulations I understand that but your argument would seem to say that that's invalid also under RFRA To have any limit as long as you're a religious worker, okay, I think I understand. Yeah that But that's not our argument If the argument is that all the person should be allowed to stay here indefinitely even though I'm just saying the thrust of it would Would take you to that position. Well, no, I don't think it would because if if the application is denied That the fact that it's denied doesn't does not give the person Necessarily a right to stay here. Indefinitely. The person is a person in that context may argue that there's been I but until it is acted upon appears to be Your argument. I guess I'm missing the question Counseled I know you want to answer just short or fully but you wanted to make rebuttal argument So if you want to stop now You can went during your rebuttal can think about what judge Schroeder's Asking you and comment for it. Okay, I will I would like to reserve the balance of time. Thank you Okay, miss Liebman Good morning, your honors and may it please the court. My name is Melissa Liebman and I represent the United States in this case As This court doesn't routinely take two years and more to Approve the Visa applications of the churches. No, your honor the national processing times on average take five months for special immigrant religious worker visa petitions and The processing times have been on average five months since this case was last year for Ruiz DS1 the agency has strived to ensure that the Average processing time is five months. So the situations that in this record It's not it's not in the record your honor And we have made that claim and we made that claim the last time we were here And that is publicly available information on USC is his website. There is a Mechanism that that will chart out processing times and they have made that available to the public And each each month they publish what the average processing times are and and they have maintained that five month Average by consolidating all of the petitions at one CIS service center in California So So the situations that appellants are are mentioning they are they are the outliers they are not that they are not the norm And and additionally there was a period of time when the agency was struggling Because of the concerns about fraud in the system They implemented a system whereby for each petition There is a division within USC is that goes to to the place where the church? allegedly exists and They look to see if there is actually a church there or a religious Organization and that takes additional time and staffing took took a while And so there was a period of time when the average processing times were more than a five months But for the past a few years they have remained at a five month average now there's a church have to know for sure that they're going to need this worker in order to Have a qualified petition. What what are they whether they have to allege in terms of need? for the worker well in order to establish eligibility for the special immigrant relief religious worker visa petition classification The one of the primary requirements is that the individual have worked for two years Doing the same kind of work for the same type of organization And so there is there is a requirement They have been doing work for two years similar to the type that they will be sponsored for however, that work can take place outside the United States and therefore a religious organization could petition for in a lawful permanent resident status for a Beneficiary before that person enters the United States and therefore there never will be a need for change in status But if they do determine that there is a need after the person is here for two years Presumably on religious worker non-immigrant visa, then that the Maximum amount of time is five years. So if they're here for two years After that initial two-year period they can go ahead and file the petition and there will still be three years left on that person's non-immigrant visa status plus the adjustment of status at statute provides an additional waiver of up to 180 days, so An individual who is here on non-immigrant religious worker status gets an additional 180 days on top of that five-year period. Are the are the religious workers the only workers who are not permitted to file the Applications concurrently with the employer. No, your honor. They are not the only individuals the regulation permits Individuals who are classified in the first three preference categories of employment-based immigrant visas the EB1, EB2, and EB3 categories The EB4 and EB5 categories are not as a whole Permitted to concurrently file. There are some exceptions within the special immigrant religious worker visa program But they are not all Addressed at individuals who are coming with the purpose of work. Well what so what are the other what other kinds? of people are Treated similarly to the religious workers. Well the entire EB5 category is treated the same way They're not permitted to. Who are they? That is for treaty investors And individuals who are necessary to a treaty investment operation And other categories in EB4 category are similarly not permitted include translators international broadcasters I'm sorry, but I can't remember, but there's there's a list in it, and it is in the briefs your honor Other ones that the the groups in the special immigrant Category that are permitted to concurrently file are individuals like special immigrant juveniles Who are have established that they have been abused abandoned and neglected they are permitted to concurrently file and in order to file for that status they need to have a Abused abandoned and neglected for example So what happens? if a church files a petition say Six months before the employee is Employees visa is about to expire and at that time they think they have a need for this person then we come down to say a month or so before the approval would normally come under what you've been telling us and They find they don't have a need do they have to withdraw the petition? If the church no longer intends to sponsor that that beneficiary they they cannot And and they don't intend to actually hire that person permanently then that petition is is not no longer valid So now what happens if in a different scenario the they think they're going to hire this person. They're pretty sure The they file the petition the petition is approved and then before the Employees Application can be approved they suffer financial research report reverses or something. They can no longer Hire, what happens then? this status is Tied to the ties the religious worker to the church once the church no longer intends to sponsor that specific Beneficiary the the person's status is no longer valid here in the United States that is different from Employment based visas in other categories where if a petitioner employer no longer intends to sponsor that beneficiary There are provisions in the statutes that allow that person to port their application to another employer So but but I mean what what you're saying is that the church has to have a pretty good Certainty that they're going to be hiring this person When they file their petition and when the employee files his application Because if it changes at any time during that period the whole thing falls apart, yes, I Believe so your honor I believe that that church would would would want to know and and that ties to Pounds argument that that they might not know initially. I mean unlike the people in the Higher statuses who can file simultaneously. They're in a position to know right then and there We are filing Simultaneously today the employer and the employee because we both know the the that we're going to need this guy But here there's a bigger delay built in so you have to exercise If you will more foresight as to what your situation is going to be six months a year hence Well, your honor there are two two things that I have to say in response. First of all The plaintiff's appellants in this case are arguing that there is a dearth of Individuals who are available to to to perform these duties and therefore if there is such An unavailability of these individuals one would assume that they would have a sense much before The very last minute that they're going to need this individual furthermore the statutes provide for for the EB threes for example for the h1b is the Statutory provisions provide that once once that immigrant petition is filed they can extend their the Employers can extend the status. So whereas the religious workers have a five-year hard-line stop with respect to non-immigrant Non-immigrant status the other statutes don't necessarily provide such a hard-line stop those individuals once they have a labor certification application approved or Employment-based visa petition pending for more than a year those individuals can have extensions Indefinitely that doesn't exist here Congress didn't intend for that to happen for non-immigrant religious workers They intended for a five-year period of time and the requirement in the statute is that that individual leave the United States? For at least a year before they can return and that individual can return after that one-year period outside the United States What what is clear here? Is that? if the person Doesn't if the church doesn't know they have The five-year period plus that 180 days extra time if The petition is not approved within that amount of time the individual can leave the United States for a short period of time Let's say it's another month before the visa petition is approved and they can apply at a consular office abroad to come here into the United States with that lawful permanent residence status the the Inability to concurrently file doesn't prevent religious workers from becoming lawful permanent residents It nearly means that if there is a delay longer than than the period of time it takes to To finish their status here that they may be required to temporarily leave the United States It's only once that individual stays here beyond their permitted status beyond that additional 180 days past the five-year period That they may fall out of status such that they will be ineligible for the lawful permanent residence status don't they have to in order to get here and in the first place is religious workers don't they have to have a Job or do they Some of the individuals who are applying for this benefit have been here in Visitor status, for example, those individuals may not be eligible for for a lawful permanent residence No, I'm talking about the the five-year religious worker status Yes, your honor the the religious worker status that they are required to have Status in the United States in order to work on behalf of religious organization It's there are cases where individuals Did not have non-immigrant status and they are applying for this benefit and they're just not qualified To to be classified within this category. In fact, when you say this benefit, are you talking about?  Just not qualified to to have a visa approved for them to be here permanently to work for church the The exhibits that we presented show that that in many years the same number of visa petitions that have been approved There's been almost the same number of visa petitions denied and therefore there are a large number of individuals who are applying or Petitioning on behalf of individuals for this status that are just not eligible The honors this This regulation does not create a substantial burden on behalf of religious exercise It just doesn't meet the test that was set out by this court in Navajo Nation. The regulation doesn't force plaintiffs or To choose between practicing their religious beliefs and receiving the government government benefit and it does not coerce Them to act contrary to their beliefs to avoid facing criminal or civil penalties Congress created the time limits The only reason why an individual would be required to leave the United States is because the terms of their visa status have expired Not because they're here Doing religious exercise. It's merely because of the structure of the visa program that Congress created that requires some individuals to leave the United States Navajo Nation says that not every burden on religious exercise meets this test it the court indicated that There may be a burden but that doesn't necessarily mean that it falls under the substantial burden test Additionally your honors This regulation is not It does not discriminate It merely provides for processing to ensure that the individuals who apply for a visa petition are Qualified before they may go on to the next step. It's not Intended to discriminate The the whole program is meant to permit individuals to come to the United States to perform religious work Therefore it cannot be said that a mere processing Regulation that that ensures that the individuals who come here are in fact bonafide religious workers is is discriminatory the I'm running out of time your honors the Regulation is not a violation of equal protection and it's also not a due process violation. Thank you Hey, you think the government and mr. Powell got Yes Just in response first to the government's argument that this policy does not impose a substantial burden on the religious workers in the organizations first of all The statute says and I quote that we have for ifra says government shall not substantially burden a person's exercise of religion The government shall not burden. So when we have father father cost cost enough coming up to the end of his five-year period and He's statutorily eligible for adjustment of status. He's statutorily eligible to file this application The religious organization his church has previously filed the initial application and he says I want to file this application So that I can stay in the United States while it's being adjudicated and the Immigration Service says no We're not going to accept that application That there the government the Immigration Service is imposing a substantial burden on the exercise of religion If he continues to stay here, he's going to be in violation subject to arrest and deportation What the what the plaintiffs asked for is is just an accommodation a limited accommodation under these circumstances The application for adjustment of status should be accepted that would Allow the father cost enough to stay in the United States while it's being adjudicated under ordinary immigration laws Now if that application and I I'm not sure this answers your question, but I hope I hope it does if that application is denied then at that point You know father Kostya Kostyanov may make the argument. Oh, you're going to continue to burden my exercise of religion at that point The what what accommodation is is he asking for? Well, he's asking for an exception to the visa requirements to the substantive eligibility requirements He wants to change the substance of law there. The government has a compelling interest in upholding those laws and so When that application is finally denied he may be required to leave the United States and RFRA may not help him in that context but with respect to this initial application where there's clearly a substantial burden on the on him and the church and All he's asking for is is that the Immigration Service accept this application that he's statutorily eligible for and let him stay while it's being Processed that that narrow accommodation is what RFRA authorizes Did I Understand what you're saying, but it just seems to me that anytime you come even if you were permitted to to to file Concurrently you would argue that if it's going to take them more time to to process it that RFRA would say that you have a right to stay here. That seems to be what where you're going with RFRA and well, then the The question would be is there a compelling governmental interest in forcing this person to leave the United States while the application is pending Under RFRA right if there's a substantial burden on the exercise well then the second question is that can the government show that there's a compelling interest to force this person to leave the United States and Is this forcing the person to leave the least restrictive means? Now when a person files the application for adjustment of status and work authorization The Immigration Service can if they think fraud is involved they can deny that application immediately or they can send out a request for evidence To show that the application they can they do not have to give a work authorization Document if they really believe that there's fraud involved. So so the you know again, it's it's it's it's not There are mechanisms by which the Immigration Service can deal with their concerns Short of forcing everybody to leave the United States that all the religious world. Are you familiar with? councils Claim that It's now Only taking about five months to process the petitions Yes, we are and is that is that accurate that information comes off the USC CS website, which specifically says that that's only an estimate and cannot be relied on our experience is that It's variable. There are some cases in which Cases are adjudicated that quickly some cases in which they're not but in any event we believe that Religious organizations should be treated just the same as non-religious or secular organizations secular organizations can wait till the last minute They may not know who they need which workers they need in order to best Generate their profits. They can file the application for adjustment of status at the last minute Religious organizations should should be well it what that shows that there's not really a compelling governmental interest in forcing these religious workers to leave the United States there are other ways That the that the Immigration Service can accomplish its objectives Without forcing without refusing to accept the applications filed by religious name, mr. Cobb, sorry, but your your time is up unless one of the other panel judges as a Question we'll just have to commend You and miss Liebman for fine arguments. It's thank you tough case Okay, thank you both Okay, whereas DSV United States is submitted
judges: Rakoff, Schroeder, Gould